```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
TIMOTHY ANDREW MCCAFFREY,                                  :
                                                           :
                             Plaintiff,                    :
                                                           :         14-CV-493 (VSB)
                - against -                                :
                                                           :              ORDER
                                                           :
GATEKEEPER USA, INC., et al.,                              :
                                                           :
                             Defendants.                   :
                                                           :
-----------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

Pro se Plaintiff Timothy Andrew McCaffrey ("Plaintiff") brings suit alleging various forms of securities fraud and negligent misrepresentation against Defendants Gatekeeper USA, Inc. ("Gatekeeper"), Asgard International, Inc. ("Asgard"), Ares Ventures Inc. ("Ares"), as well as against two individuals, Defendants A. John Leontakianakos ("Leontakianakos") and John Seetoo ("Seetoo"). Before me is Defendants' motion for clarification regarding my Opinion and Order of March 28, 2022, which granted Plaintiff's motion for summary judgment. (Doc. 300 ("Defs.' Mot.") (citing Doc. 295 ("O&O")).) Defendants ask me to provide additional examples supporting my reasoning. (*See id.*) Defendants also ask to postpone the court conference scheduled for May 3, 2022. (*See* O&O 23.). For the reasons herein, Defendants' motion is DENIED in its entirety.

"Unlike a motion for reconsideration, a motion for clarification is not intended to alter or change a court's order, but merely to resolve alleged ambiguities in that order." *Metcalf v. Yale Univ.*, No. 15-CV-1696 (VAB), 2019 WL 1767411, at *2 (D. Conn. Jan. 4, 2019). "When a ruling is unambiguous . . . clarification generally will be denied." *Id.*; *see also Epstein v. Goldstein*, 110 F.2d 747, 748 (2d Cir. 1940) ("Neither the opinion nor the mandate needs

clarification as to any of the matters involved in this motion. The motion is denied."). Defendants may be dissatisfied with my findings, but my Opinion and Order is unambiguous. Accordingly, Defendants' motion for clarification is DENIED.

Since Defendants are pro se, I will also liberally construe their motion for clarification as a motion for reconsideration. The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Generally, a party seeking reconsideration must show either "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted). The decision of whether to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" *Premium Sports Inc. v. Connell*, No. 10 Civ. 3753(KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

Additionally, Local Civil Rule 6.3 mandates a motion for reconsideration shall be served within fourteen days after the entry of the Court's determination of the original motion. *See Elgalad v. N.Y.C. Dep't of Educ.*, No. 17-4849, 2019 WL 4805669, at *3 (S.D.N.Y. Sept. 30, 2019). Courts "in this Circuit routinely deny untimely motions for reconsideration without considering their merits." *Id.* (quoting *Beckles v. City of New York*, No. 08 Civ. 3687(RJH)(JCF), 2010 WL 1841714, at *4 (S.D.N.Y. May 10, 2010)).

If the motion is one for reconsideration, it is untimely. I issued my Opinion and Order on March 28, 2022; Defendants filed their motion on April 28, 2022. Regardless, Defendants have

failed to "point to controlling decisions or data that the court overlooked," *Shrader*, 70 F.3d at 257, but have mainly sought to shift the responsibility to the Court to identify overlooked evidence. (*See, e.g.*, Defs.' Mot. 1 ("Can the Court please clarify this statement with examples, as defendants also filed evidence to support their positions?").)

Defendants' motion does not even attempt to identify where in their summary judgment papers their purported evidence was originally presented. Local Rule 56.1 requires that any "statement controverting any statement of material fact" in opposing a motion for summary judgment "must be followed by citation to evidence which would be admissible." Local Rule 56.1(d). Most paragraphs in Defendants' Local 56.1 statement fail to include any sort of citation, or even oblique reference, to evidence in the record. (*See generally* Doc. 282, at 5–15 ("Defs. 56.1").) The Second Circuit has held that Federal Rule of Civil Procedure 56 "does not impose an obligation on a district court to perform an independent review of the record to find proof of a factual dispute." *Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d Cir. 2002).

Moreover, a review of the parties' summary judgment papers indicates that Defendants did not clearly dispute the facts that Defendants now identify as erroneous in Plaintiff's Local 56.1 statement. (*See* Doc. 252-1 ("Pl. 56.1")). For example, although Defendants now allege that "[a] Yahoo chart shows that Gatekeeper stock actually reached as high as $4.75 in May 2012," (Defs.' Mot. 2), Defendants did not say so in their own Local 56.1 statement. (*See* Defs. 56.1 ¶ 4 (failing to dispute Plaintiff's statement of fact that "Seetoo told plaintiff 'the recent market price is $2.75-3.25'").) Likewise, although Defendants allege that "evidence was provided to the Court that Seetoo, was, in fact, in discussions with DHL" and not the Department of Homeland Security, (Def.'s Mot. 2), Defendants did not dispute the authenticity of the email in which Defendant John Seetoo wrote to Plaintiff that Defendants had "been working on" a

3

"very important Homeland Security deal." (Doc. 273-2 ("Pl. Ex. B, at 1"); *compare* Pl. 56.1 ¶ 2 ("In or about early 2012, Seetoo approached plaintiff with the intention of inducing plaintiff to invest in Gatekeeper.") (citing Pl. Ex. B, at 1), *with* Defs. 56.1 ¶ 2 (failing to dispute Plaintiff's statement of fact, but adding that "Defendant Seetoo sent the email to plaintiff at the request of plaintiff's mother").) In any event, Defendants have not explained how any of these new purported disputes "might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257. Therefore, even if construed as a motion for reconsideration, Defendants' motion must fail.

Defendants also "request a postponement and rescheduling of the conference call scheduled for May 3, 2022 until after they receive the Court's response for this Motion For Clarification." Since I have responded to their motion for clarification with this Order, Defendants' request for postponement is also DENIED as moot. The conference shall proceed on May 3, 2022.

The Clerk of Court is respectfully directed to mail copies of this Order to Plaintiff and to each of the Individual Defendants, as well as to email a copy of this Order to Plaintiff. Plaintiff is also directed to serve a copy of this Order on each of the Individual Defendants to ensure their participation at the conference call on May 3, 2022.

SO ORDERED.

Dated: May 3, 2022
New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge