```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
TIMOTHY ANDREW MCCAFFREY,                                   :
                                                            :
                              Plaintiff,                    :
                                                            :            14-CV-493 (VSB)
              - against -                                   :
                                                            :                 ORDER
GATEKEEPER USA, INC., et al.,                               :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

      Pro se Plaintiff Timothy Andrew McCaffrey ("Plaintiff") brought this suit alleging various forms of securities fraud and negligent misrepresentation against Defendants Gatekeeper USA, Inc., Asgard International, Inc., Ares Ventures Inc., as well as against two individuals, Defendants A. John Leontakianakos and John Seetoo. On March 28, 2022, I granted Plaintiff's motion for summary judgment, (Doc. 295 ("Summary J. O&O")), and on March 29, 2022, the Clerk of Court issued the judgment, (Doc. 296). On April 28, 2022, Defendants filed a motion for clarification, (Doc. 300 ("Def.'s First Mot.")), which I denied, (Doc. 301 ("Clarification O&O")). Before me is another motion filed by Defendants, this time to vacate the judgment. (Doc. 304 ("Defs.' Second Mot.")). For the reasons herein, Defendants' motion to vacate the judgment is likewise DENIED.

      Defendants do not provide the procedural mechanism under which they seek to vacate the judgment. Since Defendants are pro se, I liberally construe Defendants' motion as a motion under Rule 60(b). Federal Rule of Civil Procedure 60(b)(6) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any [ ] reason that justifies relief." The Second Circuit has cautioned that

Rule 60(b) provides "extraordinary judicial relief" and should be granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *see also United States v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977) ("It is well established, however, that a 'proper case' for Rule 60(b)(6) relief is only one of 'extraordinary circumstances,' or 'extreme hardship.'" (internal citations omitted)). Thus, "[a] motion for relief from judgment is generally not favored." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). In evaluating a Rule 60(b) motion, courts in this circuit require that the evidence in support of the motion be "highly convincing, that the movant show good cause for the failure to act sooner, and that no undue hardship be imposed on the other parties as a result." *Scott v. Gardner*, 344 F. Supp. 2d 421, 424 (S.D.N.Y. 2004) (citing *Kotlicky v. U.S. Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987)). Moreover, "[a] motion seeking such relief is addressed to the sound discretion of the district court," and a Rule 60(b) motion may not be employed to relitigate the merits of a case. *Neimazer*, 793 F.2d at 61. "[T]he heavy burden for securing relief from final judgments applies to *pro se* litigants as well as to those who are represented by counsel." *Broadway v. City of New York*, No. 96 Civ. 2798(RPP), 2003 WL 21209635, at *3 (S.D.N.Y. May 21, 2003).

Defendants ask me to vacate the judgment because "[i]t is Defendants' understanding . . . that the Court based its decision on evidence exhibits supplied by the Plaintiff from the case of *Howard Richards*, Exchange Act Release No. 76058. Investment Advisers Act Release No. 4212, Investment Company Act Release No. 31854, 2015 WL 5729488 at *1 (Sept. 30, 2015)." (Defs.' Second Mot. 1.) Defendants are wrong. I granted Plaintiff's motion for summary judgment because Plaintiff "show[ed] that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). I clearly identified all the undisputed facts upon which I made my decision. (*See* Summary J. O&O 2–7, 2 n.2 (stating the undisputed facts upon which my

decision was based and explicitly explaining that "[u]nless otherwise indicated, the facts asserted by Plaintiff and referenced herein are undisputed or expressly conceded by Defendants").) It was Defendants' burden to "to properly address another party's assertion of fact as required by Rule 56(c)." Fed. R. Civ. P. 56(e). (*See also* Clarification O&O 3 ("Most paragraphs in Defendants' Local 56.1 statement fail to include any sort of citation, or even oblique reference, to evidence in the record.").) Defendants did not (and indeed, could not) dispute that the SEC issued an order finding that nonparty Howard Richards "engaged in a manipulative scheme to support the market price of the common stock of Gatekeeper." *Howard Richards*, 2015 WL 5729488, at *1. Instead, Defendants "take issue with the implications or characterizations of" that order. (O&O 2 n.2; *see* Doc. 282, at 5–15 ("Defs. 56.1") ¶¶ 7, 8.) As I explained, this is plainly insufficient. (O&O 2 n.2 (citing *Parker v. Fantasia*, 425 F. Supp. 3d 171, 183–84 (S.D.N.Y. 2019) ("[A] pro se party's bald assertions unsupported by evidence are insufficient to overcome a motion for summary judgment." (internal quotation marks omitted).) In any event, I explicitly noted that the undisputed SEC order was "not necessary to my decision." (Summary J. O&O 18.) Therefore, Defendants' arguments related to the SEC order cannot be considered "highly convincing" evidence that justify vacating the judgment. *See Skinner v. Chapman*, 680 F. Supp. 2d 470, 479 (W.D.N.Y. 2010), *aff'd*, 412 F. App'x 387 (2d Cir. 2011) (finding that the plaintiff had "failed to produce 'highly convincing evidence'" where the information plaintiff presented had already been "duly considered by the Court" and "played no part" in the court's dismissal of plaintiff's claims).

Defendants' latest motion appears to be just another stalling tactic.[1] (*See generally* Def.'s First Mot.; Summary J. O&O 8 n.9.) Defendants have provided no "highly convincing"

---

[1] The day before Defendants filed this motion to vacate, I held a conference in this matter—which Defendants had

3

evidence, no "good cause for the failure to act sooner," and no reason to believe that vacating the judgment would somehow insulate Plaintiff from "undue hardship." *Scott*, 344 F. Supp. 2d at 424. Defendants' motion is an improper attempt to relitigate this case before this Court. *See Neimazer*, 793 F.2d at 61. Therefore, I exercise my discretion and deny Defendants' motion. *See id*.

The Clerk of Court is respectfully directed to mail copies of this Order to Plaintiff and to each of the Individual Defendants. The parties are reminded that the Court has ordered their participation at a status conference on May 10, 2022.

SO ORDERED.

Dated: May 6, 2022
       New York, New York

_Vernon Broderick_
Vernon S. Broderick
United States District Judge

---

attempted to adjourn based upon their filing of their motion for clarification, (*see* Defs.' First Mot. 2)—during which Defendants had the opportunity to mention their intention to file this motion. Defendants failed to do so.