```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
TIMOTHY ANDREW MCCAFFREY,                                  :
                                                           :
                              Plaintiff,                   :
                                                           :          14-CV-493 (VSB)
              - against -                                  :
                                                           :               ORDER
GATEKEEPER USA, INC., et al.,                              :
                                                           :
                              Defendants.                  :
                                                           :
-----------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

  Per the parties' requests on May 13, 2022, (Docs. 308 & 309), I directed the jury department to set a trial date in this case for September 2022.  It is hereby ORDERED that a jury trial in this matter is scheduled to begin on September 19, 2022 at 10:00 a.m.

  IT IS FURTHER ORDERED that, pursuant to Rule 6 of my Individual Rules & Practices in Civil Cases, a joint pretrial order and motions in limine are due on or before August 5, 2022. Oppositions to motions in limine, as well as proposed voir dire questions, proposed verdict sheets, and proposed jury instructions are due on or before August 19, 2022.  Two courtesy copies of all documents shall be submitted to Chambers, and Microsoft Word versions of the proposed voir dire questions and jury instructions must also be submitted by email to BroderickNYSDChambers@nysd.uscourts.gov.

  IT IS FURTHER ORDERED that a final pretrial conference in this matter will be held on August 22, 2022 at 3:30 p.m.

  At a status conference I held on May 10, 2022, Defendants A. John Leontakianakos and John Seetoo (the "Individual Defendants") expressed interest in making an application for the

Court to request pro bono counsel in this action, for the limited purpose of representing them at a trial on punitive damages.

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986); *accord Hammock v. Rizzuto*, No. 20 Civ. 4175, 2022 WL 562932, at *1 (S.D.N.Y. Feb. 24, 2022). Instead, the courts have "broad discretion" when deciding whether to seek pro bono representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989); *accord Hammock*, 2022 WL 562932, at *1. Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of pro bono counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989), *accord Hammock*, 2022 WL 562932, at *1.

However, Defendants Gatekeeper USA, Inc., Asgard International, Inc., Ares Ventures Inc. (the "Corporate Defendants") are corporations. The *in forma pauperis* statute allowing me to appoint an attorney for "any person unable to afford counsel," 28 U.S.C. § 1915(e)(1), only applies to natural persons, not artificial entities such as corporations. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 197 (1993) ("[O]nly a natural person may qualify for treatment in forma pauperis under § 1915."). Therefore, I cannot request

that pro bono counsel represent Corporate Defendants, only Individual Defendants. At the same time, as I have previously advised, (*see, e.g.*, Doc. 224), corporations may not proceed in federal court without licensed counsel. *See, e.g.*, *Rowland*, 506 U.S. at 201–02 (1993); *Carlone v. Lion & the Bull Films, Inc.*, 861 F. Supp. 2d 312, 318 (S.D.N.Y. 2012) ("A corporation may not appear pro se, but must retain counsel to avoid default.").

Accordingly, it is hereby ORDERED that any Individual Defendant who intends to seek pro bono counsel in this action make an application to the Court on or before June 24, 2022, using the Application for the Court to Request Pro Bono Counsel form available at https://www.nysd.uscourts.gov/sites/default/files/2018-06/Application%20ftct%20Request%20Pro%20Bono%20Counsel.pdf, and the Request to Proceed in Forma Pauperis form available at https://www.nysd.uscourts.gov/sites/default/files/2018-06/Application%20ftct%20Request%20Pro%20Bono%20Counsel.pdf;

IT IS FURTHER ORDERED that counsel for Corporate Defendants enter a notice of appearance on or before July 8, 2022.

IT IS FURTHER ORDERED that a status conference in this matter will be held on July 11, 2022 at 3:30 p.m. I will hold the status conference via telephone, using the dial-in 888-363-4749 and the access code 2682448.

SO ORDERED.

Dated: June 10, 2022
　　　New York, New York

　　　　　　　　　　　　　　　　　　　　Vernon S. Broderick
　　　　　　　　　　　　　　　　　　　　United States District Judge