UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                     :

TIMOTHY ANDREW MCCAFFREY,       :
                                     :

                    Plaintiff,    :

                                     :                14-CV-493 (VSB)

          - against -       :

                                     :                  **ORDER**

GATEKEEPER USA, INC., et al.,       :

                                     :

                  Defendants.  :

                                     :
--------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

       The Court directs that the Clerk of Court seek pro bono counsel to enter limited

appearances for the purpose of representing Defendant A. John Leontakiankos

("Leontakiankos") and Defendant John Seetoo ("Seetoo") at a jury trial on punitive damages in

the above-captioned action.  Counsel will file Notices of Limited Appearance as Pro Bono

Counsel.

    **I.**     **Factual Background**

       In this Order, I presume familiarity with this action's factual procedural history, but I

provide certain background information to provide context.  On January 27, 2014, pro se plaintiff

Timothy Andrew McCaffrey ("Plaintiff") initiated this action alleging various forms of securities

fraud and negligent misrepresentation against Leontakianakos and Seetoo (together, "Individual

Defendants"), as well as Defendants Gatekeeper USA, Inc., Asgard International, Inc., Ares

Ventures Inc. (together, "Corporate Defendants," and altogether, "Defendants").  (Doc. 1.)

Defendants were initially represented by counsel, (Doc. 28), but defense counsel withdrew in

September 2018, (Doc. 223).  Defendants never retained new counsel.  Since corporations may

not proceed pro se, on December 13, 2018, I entered default judgment against Corporate

Defendants on the issue of liability.  (Doc. 232.)  On March 28, 2022, I entered summary judgment against all Defendants.  (Doc. 295.)  However, Plaintiff also sought punitive damages, which I could not grant or deny on a motion for summary judgment.  (*See id.* at 21–22.)

On May 3, 2022, I held a conference to discuss whether this action would proceed to trial solely on the issue of punitive damages.  (Doc. 303.)  The parties have elected to go to trial. (Doc. 312.)  At a status conference I held on May 10, 2022, Leontakianakos and Seetoo expressed interest in seeking pro bono counsel for the limited purpose of representing them at a trial on punitive damages.  (*See id.* at 1–2.)  I ordered that "any Individual Defendant who intends to seek pro bono counsel in this action make an application to the Court on or before June 24, 2022."  (*See id.* at 3.)  On June 27, 2022, Leontakianakos and Seetoo filed a joint application for the court to request pro bono counsel.  (Doc. 316 ("Application").)[1]

On June 30, 2022, I issued an order granting Individual Defendants' request, (Doc. 317), but on July 1, 2022, I vacated the order, (Doc. 318), finding that "[b]efore I can grant the request, Defendants must submit a Request to Proceed in Forma Pauperis ('IFP') form," as I had indicated in a previous order, (Doc. 312).  On July 8, 2022, both Leontakianakos and Seetoo filed IFP forms.  (Doc. 319 ("Seetoo IFP Form"); Doc. 320 ("Leontakianakos IFP Form").)

For purposes of this Order, I construe Individual Defendants' initial joint application for pro bono counsel, (*see* Application), as two separate applications:  one application for Leontakianakos and one for Seetoo.  Without making any factual finding one way or the another, I note that joint representation of Leontakianakos and Seetoo in a trial on punitive damages could

---

[1] As explained in my previous order, (Doc. 312), I cannot request that pro bono counsel represent Corporate Defendants, only Individual Defendants.  The in forma pauperis statute allowing me to appoint an attorney for "any person unable to afford counsel," 28 U.S.C. § 1915(e)(1), only applies to natural persons, not artificial entities such as corporations.  *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 197 (1993) ("[O]nly a natural person may qualify for treatment in forma pauperis under § 1915.").

give rise to a conflict of interest.  *See* N.Y. Rules of Prof'l Conduct 1.7(a), 22 N.Y.C. R.R. §

1200 ("[A] lawyer shall not represent a client if a reasonable lawyer would conclude that . . . the

representation will involve the lawyer in representing differing interests.").  I have an obligation

to ensure "that no conflict exists or at least provide notice to the affected party if one does."

*Dunton v. Cnty. of Suffolk.*, 729 F.2d 903, 909 (2d Cir. 1984), *amended on other grounds*, 748

F.2d 69 (2d Cir. 1984).  For this reason, I direct the Clerk of Court to attempt to locate one

volunteer attorney to represent Leontakianakos and another volunteer attorney to represent

Seetoo.  If Leontakianakos and Seetoo later seek to be represented by the same counsel, pro bono

or otherwise, I will re-evaluate at that time whether there is any conflict of interest, and if so,

whether that conflict is waivable pursuant to New York Rule of Professional Conduct 1.7(b).

## II.    Legal Standard

The in forma pauperis statute provides that the courts "may request an attorney to

represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  Unlike in criminal

cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel.

*Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).  Instead, the courts have "broad

discretion" when deciding whether to seek pro bono representation for a civil litigant.  *Id.*  Even

if a court does believe that a litigant should have a free lawyer, under the in forma pauperis

statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an

attorney volunteer to represent a litigant.  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*,

490 U.S. 296, 301–310 (1989).  Moreover, courts do not have funds to pay counsel in civil

matters.  Courts must therefore request the services of pro bono counsel sparingly, and with

reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer

3

time for those litigants whose causes are truly deserving.  *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172–73 (2d Cir. 1989).

In *Hodge*, the Second Circuit Court of Appeals set forth the factors a court should consider in deciding whether to grant a litigant's request for pro bono counsel.  802 F.2d at 61–62.  Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed in forma pauperis.  The court must then consider whether the litigant's claim "seems likely to be of substance"—"a requirement that must be taken seriously."  *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel).  In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion.  *See Hendricks v. Coughlin*, 114 F.3d 390, 392–93 (2d Cir. 1997).  Rather, each application "must be decided on its own facts."  *Hodge*, 802 F.2d at 61.

### III.   Discussion

The threshold question is whether Defendants are "unable to afford counsel."  28 U.S.C. § 1915(e)(1); *see also Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994).  While "section 1915(e)(1) does not include any financial gauge for use by the court in determining whether a party requesting representation is able to afford counsel," *Dunn v. Albany Med. Coll.*, No. 1:09–CV–1031 (LEK/DEP), 2010 WL 11527165, at *1 (N.D.N.Y. Apr. 7, 2010), the Second Circuit has said the in forma pauperis statute "does not require a litigant to

demonstrate absolute destitution." *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983).

Rather, the in forma pauperis statute seeks to ensure that "no party must be made to choose

between abandoning a potentially meritorious claim or foregoing the necessities of life." *Id.*

The traditional method of determining indigency is by evaluating a plaintiff's application to

proceed in forma pauperis, meaning, without prepayment of filing fees. *See, e.g.*, *O'Diah v.

TBTA-Triborough Bridge & Tunnel Auth.*, No. 19-CV-7586 (VSB), 2021 WL 3631121, at *1

(S.D.N.Y. July 16, 2021) ("Plaintiff filed a Request to Proceed in Forma Pauperis (IFP), which

the Court granted. . . . Plaintiff therefore qualifies as indigent.").

Individual Defendants both state under penalty of perjury that they cannot afford counsel

to represent them at trial.  (*See* Application; *see also* Seetoo IFP Form; Leontakianakos IFP

Form.)  Leontakianakos represents that he is "a partially disabled combat veteran," who has

"recently survived a hemorrhagic stroke followed by several brain surgeries and open-heart

surgery." (Application at 1.)  Leontakianakos says that "[h]is physical status and medical

situation has caused him severe financial hardship and left him completely incapable of any

means to secure appropriate legal representation." (*Id.*)  Specifically, Leontakianakos represents

that he has not worked since 2016, and he has less than $500 in cash, checking, or savings.

(Leontakianakos IFP Form ¶¶ 2, 4.)  While Leontakianakos says that his three adult children and

spouse "contribute to the domestic expenses," Leontakianakos also says that his home is in

foreclosure.  (*Id.* ¶¶ 3, 5.)  Separately, Seetoo represents that the underlying litigation has made

him "unemployable in the securities industry where he had established his professional career,

and he has been surviving on freelance financial related writing work while incurring substantial

debts." (Application at 2.)  Seetoo represents that he earned $200 last month and has $2,500 in

cash, checking, or savings.  (Seetoo IFP Form ¶¶ 2, 4.)  Although Seetoo has sometimes earned

as much as $3,600 per month in freelance earnings, he represents that his rent and utilities are $4,200 a month, and that he owes over $400,000 in debt. (*Id.* ¶¶ 3, 6, 8.) Finally, while Defendants were previously represented by counsel in this matter, Individual Defendants say their prior defense counsel "refused to follow client directives and departed in the midst of the case for family health reasons after receiving over $35K," and Defendants could not afford to retain a new attorney "as funds had been exhausted." (Application at 1.) Individual Defendants further report that they have approached four different law firms seeking representation, but that "[i]nsufficient funds for new retainer fees has been the main deterrent for new counsel." (*Id.* at 2.)

I find that Leontakianakos and Seetoo are each "unable to afford counsel." 28 U.S.C. § 1915(e)(1). Much of the case law regarding in forma pauperis status is inapposite because it addresses whether litigants can afford initial filing fees, which are currently $402 in this District. However, the cost of mounting a defense in a civil trial far outstrips $402. Indeed, attorneys' fees could easily run tens of thousands of dollars. Leontakianakos and Seetoo already have a $94,260.27 judgment against them. (Doc. 296.) Even assuming Leontakianakos and Seetoo have some savings they could put towards legal representation at trial, I accept their representations that they do not have enough. (*See* Application 2 (indicating Individual Defendants cannot afford required retainer fees); Seetoo IFP Form ¶ 4; Leontakianakos IFP Form ¶ 4.) In particular, I credit Leontakianakos' representations about his recent ill health and resulting "severe financial hardship." *See Tinaway v. Merrill Lynch & Co.*, 661 F. Supp. 937, 938, 940 (S.D.N.Y. 1987), *on reconsideration on other grounds*, 692 F. Supp. 220 (S.D.N.Y. 1988) (finding "the appointment of counsel would be more likely to lead to a just determination" in part because the pro se litigant had "disabilities resulting from a recent stroke"). Individual

6

Defendants need not "forgo[] the necessities of life" in order for me to exercise my discretion to request that attorneys volunteer to represent them at trial. *Potnick*, 701 F.2d at 244.

I next consider whether Individual Defendants' defense "seems likely to be of substance." *Hodge*, 802 F.2d at 60–61. This factor is "difficult to assess" in cases where the application for court-appointed counsel is made by a pro se defendant, rather than a pro se plaintiff. *Johnson & Johnson v. S. Pointe Wholesale*, No. 08-CV-1297 (SLT), 2009 WL 10706651, at *1 (E.D.N.Y. June 2, 2009). For that reason, "it is not necessary in this case for defendant to meet this requirement in the same sense a plaintiff would." *Id.* However, since this trial is proceeding regardless of whether Individual Defendants have representation, I find that experienced counsel would be better equipped than Individual Defendants to ascertain which defenses are "likely to be of substance," and I therefore consider this factor satisfied.

Finally, I consider the remaining *Hodge* factors. The Second Circuit has advised that "[e]ach case must be decided on its own facts." *Hodge*, 802 F.2d at 61. Here, my overriding concern is that a pro se plaintiff is proceeding against pro se defendants in a jury trial. I find that as lay people, Individual Defendants have limited "ability to present the case" to a jury, and that "conflicting evidence implicating the need for cross-examination will be the major proof presented" at trial. *Id.* at 61–62. For that reason, "appointment of counsel would lead to a quicker and more just result by sharpening the issues and shaping examination." *Id.* at 61 (citing *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)). Considering the totality of circumstances, I find "appointment of counsel would be more likely to lead to a just determination" in this matter. *Id.* at 62.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of

certain out-of-pocket expenses spent in furtherance of either Individual Defendant's case.  The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship.  *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

Pro bono counsel will not be obligated for any aspect of Individual Defendants' representation beyond the matters described in this order.  In particular, pro bono counsel will not be required to represent either Individual Defendant in any appeal.  Absent an expansion of the scope of pro bono counsel's representation, pro bono counsel's representation of either Individual Defendant will end upon the entry of judgment on the issue of punitive damages.

Upon the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of either Individual Defendant in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to either Individual Defendant or to the Court in this matter.

## IV.    Conclusion

For the foregoing reasons, the Clerk of Court is directed to attempt to locate pro bono counsel to represent Leontakianakos and pro bono counsel to represent Seetoo for the limited purposes described above.  The Court advises Individual Defendants that there are no funds to retain counsel in civil cases and the Court relies on volunteers.  Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Individual Defendants.  If an attorney volunteers, the attorney will contact Leontakianakos and/or Seetoo directly.  There is no guarantee, however, that a volunteer attorney will decide to take the case, and Individual Defendants should be prepared to proceed with the case without an attorney.

SO ORDERED.

Dated:  July 11, 2022
        New York, New York

Vernon S. Broderick
United States District Judge