UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                :
TIMOTHY ANDREW MCCAFFREY,         :
                :
            Plaintiff,   :
                :     14-CV-493 (VSB)
      - against -       :
                :     **ORDER**
GATEKEEPER USA, INC., et al.,         :
                :
            Defendants.  :
                :
------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

      I am in receipt of Plaintiff's Notice of Taxation of Costs, (Doc. 314), and affirmation in support, (Doc. 315). For the reasons herein, Plaintiff's request for taxation of costs is DENIED without prejudice to renewal.

      First, the AO 133 form instructs, "Attach to your bill an itemization and documentation for requested costs in all categories." While Plaintiff has provided some documentation, he has not provided an itemization, such that it is difficult to verify which invoices and receipts correspond with which claimed costs. (*See generally* Doc. 315-1.) Plaintiff is directed to create an itemized list clearly indicating what each expense is for and which expenses correspond with which category. Plaintiff is directed to provide documentation for each and every requested cost. If Plaintiff requests any "Other costs" that are not provided for on the AO 133 form, Plaintiff is directed to cite the provision of Local Civil Rule 54.1 that allows for taxation of those costs.

      Second, Plaintiff claims a $350 attendance fee for each of two witnesses who appeared at a one-day hearing, for a total of $700 in witness fees. (*See* Doc. 314.) Pursuant to 28 U.S.C. § 1821(b), "A witness shall be paid an attendance fee of $40 per day for each day's attendance."

Plaintiff is directed to amend his AO 133 form consistent with the statutory fees allowed under 28 U.S.C. § 1821.

Third, Plaintiff requests "Limited Scope Attorney's Fees" including for "Ghost Writing Draft Complaint and Settlement Negotiations" and "Consulting Fees." (Doc. 315-1, at 1.) Under Local Civil Rule 54.1(c)(7), "Attorney fees and disbursements and other related fees and paralegal expenses are not taxable except by order of the Court." As I previously ordered, Plaintiff's request for attorneys' fees is denied because Plaintiff is pro se. (*See* Doc. 295, at 22.) Moreover, the "limited scope attorney's fees" that Plaintiff requests do not appear to have been incurred by any attorney who has appeared in this case. (*Compare* Doc. 198 (notice of appearance by pro bono attorney Wanda Sanchez Day) *with* Doc. 315-1, at 17 (email from Baritz & Colman LLP)). Accordingly, I will not grant Plaintiff's request for attorneys' fees.

Plaintiff shall file any revised request for taxation of costs consistent with this Order on or before August 19, 2022.

SO ORDERED.

Dated: July 21, 2022
  New York, New York

  Vernon S. Broderick
  United States District Judge