```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
TIMOTHY ANDREW MCCAFFREY,                                  :
                                                           :
                              Plaintiff,                   :
                                                           :           14-CV-493 (VSB)
              - against -                                  :
                                                           :              ORDER
GATEKEEPER USA, INC., et al.,                              :
                                                           :
                              Defendants.                  :
                                                           :
-----------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

I am in receipt of the motion to vacate judgment filed by John Leontakianakos and John Seetoo (together, "Individual Defendants"). (Doc. 335.) Because the Individual Defendants do not identify any grounds that warrant me to vacate my prior summary judgment order, their motion to vacate is DENIED.

I.   **Procedural Background**

For the purposes of this motion, I assume familiarity with the background of this case as described my prior Opinion & Order, (Doc. 295), and Order, (Doc. 305); therefore, I describe only history relevant to the instant motion. On March 28, 2022, I entered summary judgment against all Defendants. (Doc. 295.) On May 5, 2022, the Individual Defendants filed a motion to vacate judgment, (Doc. 304), which I denied on May 6, 2022, (Doc. 305). On August 5, 2022, the Individual Defendants filed another motion to vacate judgment. (Doc. 335.) Plaintiff filed an opposition to this motion on August 16, 2022. (Doc. 345.)

II.  **Legal Standard**

The Individual Defendants do not explain what procedural mechanism under which they

seek to vacate the judgment. Since the Individual Defendants are pro se, I liberally construe the Individual Defendants' motion as a motion under Rule 60(b). Federal Rule of Civil Procedure 60(b)(6) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any [ ] reason that justifies relief." The Second Circuit has cautioned that Rule 60(b) provides "extraordinary judicial relief" and should be granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *see also United States v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977) ("It is well established, however, that a proper case for Rule 60(b)(6) relief is only one of extraordinary circumstances, or extreme hardship." (cleaned up)). Thus, "[a] motion for relief from judgment is generally not favored." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). In evaluating a Rule 60(b) motion, courts in this circuit require that the evidence in support of the motion be "highly convincing, that the movant show good cause for the failure to act sooner, and that no undue hardship be imposed on the other parties as a result." *Scott v. Gardner*, 344 F. Supp. 2d 421, 424 (S.D.N.Y. 2004) (citing *Kotlicky v. U.S. Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987)). Moreover, "[a] motion seeking such relief is addressed to the sound discretion of the district court," and a Rule 60(b) motion may not be employed to relitigate the merits of a case. *Nemaizer*, 793 F.2d at 61. "[T]he heavy burden for securing relief from final judgments applies to pro se litigants as well as to those who are represented by counsel." *Broadway v. City of New York*, No. 96 Civ. 2798(RPP), 2003 WL 21209635, at *3 (S.D.N.Y. May 21, 2003).

### III. Discussion

First, the Individual Defendants explain that "although Counsel had drafted and updated Defendants First Set of Interrogatories to Plaintiff . . . Counsel apparently never served them to

2

the Plaintiff, resulting in a gap of information in front of the Court, which already has had copies of Defendants' responses to Plaintiff's Interrogatories." (Doc. 335, at 1.) As noted, I previously denied Defendants' motion to vacate. (Doc. 305.) The Individual Defendants do not identify on what legal basis they are seeking reconsideration, so I interpret this argument as being under Rule 60(b)(1) or Rule 60(b)(2). Although Rule 60(b)(1) permits a court to vacate a judgment in cases of "excusable neglect," such grounds are not applicable "where a party fails to act with diligence." *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 177 (2d Cir. 2004) (cleaned up). Similarly, "[t]o prevail on a motion for relief pursuant to Rule 60(b)(2), a movant must demonstrate that he was justifiably ignorant of the newly discovered evidence despite due diligence." *State St. Bank & Tr. Co.*, 374 F.3d at 178. The Individual Defendants have not established justifiable ignorance or that they acted with diligence with respect to their unserved interrogatories. The Individual Defendants apparently drafted these interrogatories in June 2016, but did not realize they had not been served until August 2022. (Doc. 305.) This delay is not excusable, especially in light of the briefing that occurred prior to my summary judgment order and the fact that the Individual Defendants have already filed one motion to vacate my summary judgment decision. Accordingly, I do not find that this argument provides the Individual Defendants grounds for relief.

Next, the Individual Defendants argue that "[t]he use of elements of the Howard Richards investigation to arrive at the opposite conclusion from the SEC as a rationale for judgment against the defendants would appear to be tantamount to the equivalent of a collateral attack action." (Doc. 335, at 3.) This argument was already raised by the Individual Defendants and addressed in my previous Order denying the Individual Defendants' motion to vacate. (*See* Docs. 304, 305.) The Individual Defendants also argue "that the Court's ruling against

Defendants is penalizing them for, in fact, complying with and adhering to SEC rules regarding dissemination of insider information." (Doc. 335, at 4.) A motion for reconsideration is not "an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have previously been made." *Salveson v. JP Morgan Chase & Co.*, 166 F. Supp. 3d 242, 248 (E.D.N.Y. 2016) (quoting *Simon v. Smith & Nephew, Inc.*, 18 F. Supp. 3d 423, 425 (S.D.N.Y. 2014)), *aff'd*, 663 F. App'x 71 (2d Cir. 2016). Accordingly, I decline to consider these arguments as they do not raise "controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (cleaned up.)

Finally, the Individual Defendants claim that the Court acted inconsistently with various statutes, namely the Administrative Procedures Act of 1946, 18 U.S.C. § 241, and 18 U.S.C. § 242. (Doc 335, at 5.) The Administrative Procedures Act of 1946 is not relevant to this case, as it is a statute that applies to Government agencies, and this is not an agency case. *See* 5 U.S. Code § 554. Further, 18 U.S.C. § 241 and 18 U.S.C. § 242 are criminal statutes that do not provide the Individual Defendants with any relevant rights. "The Supreme Court historically has been unreceptive to inferring a private right of action from a bare criminal statute, apparently because criminal statutes are usually designed to afford protection to the general public, as opposed to a discrete, well-defined group or individual." *Schlosser v. Kwak*, 16 F.4th 1078, 1083 (2d Cir. 2021) (cleaned up); *see also Nath v. Select Portfolio Servicing, Inc.*, 732 F. App'x 85, 87 (2d Cir. 2018) ("No private right of action exists under criminal statutes absent an indication that Congress intended to create such a private right of action. . . ." (cleaned up)). Nothing in the language of these statutes suggests an intent to create a private right of action to sustain a claim. *See Storm-Eggink v. Gottfried,* 409 F. App'x 426, 427 (2d Cir. 2011) (affirming

4

dismissal of claims under 18 U.S.C. §§ 241 and 242 because neither confer a private right of action.); *Solomon v. Hum. Servs. Coal. of Tompkins Cnty., Inc.*, No. 5:11-CV-0226 GTS/ATB, 2011 WL 2160883, at *2 (N.D.N.Y. May 27, 2011).  Accordingly, none of the grounds raised by the Individual Defendants support a finding that my prior Order should be vacated.

### IV.     Conclusion

For the foregoing reasons, the Individual Defendants' motion to vacate judgment is DENIED.  The Clerk of Court is respectfully directed to terminate the pending gavel at Doc. 335.

SO ORDERED.

Dated:  March 24, 2023
           New York, New York

_____
Vernon S. Broderick
United States District Judge