```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
TIMOTHY ANDREW MCCAFFREY,                                  :
                                                           :
                              Plaintiff,                   :
                                                           :            14-CV-493 (VSB)
                   - against -                             :
                                                           :                 ORDER
                                                           :
GATEKEEPER USA, INC., et al.,                              :
                                                           :
                              Defendants.                  :
                                                           :
-----------------------------------------------------------X
```

<u>VERNON S. BRODERICK</u>, United States District Judge:

Before me are two motions to intervene as an interested party and dismiss the case filed by James Wishart ("Wishart") (Docs. 339 and 373), and a motion to alter judgment filed by Plaintiff Timothy McCaffrey ("Plaintiff" or "McCaffrey"), (Doc. 370). Wishart's motion to intervene is DENIED because it is untimely. Plaintiff's motion to alter judgment is DENIED because the parties' settlement amount was in lieu of, not in addition to, my compensatory damages finding.

## I.  **Procedural Background**

For the purposes of this motion, I assume familiarity with the background of this case as described in my prior Opinion & Order, (Doc. 295, "Summary Judgment Order"), and Order denying Defendants' motion to vacate judgment, (Doc. 305); therefore, I describe only history relevant to the instant motion. On January 27, 2014, McCaffrey initiated this action by filing a complaint alleging various forms of securities fraud and negligent misrepresentation against A. John Leontakianakos and John Seetoo (together, "Individual Defendants"), as well as Defendants Gatekeeper USA, Inc. ("Gatekeeper"), Asgard International, Inc., Ares Ventures Inc. (together,

"Corporate Defendants," and altogether, "Defendants"). (Doc. 1, "Complaint".) On March 28, 2022, I entered summary judgment against all Defendants. (Doc. 295.) Plaintiff also sought punitive damages, which I could not grant or deny on a motion for summary judgment. (*See id.* at 21–22.) In my Summary Judgment Order, I found that Defendants were jointly and severally liable for negligent misrepresentation and owed compensatory damages in the amount of $50,000 plus prejudgment interest at an annual rate of 9 percent. (*Id.*) On March 29, 2022, the Clerk of Court entered judgment consistent with my Summary Judgment Order. (Doc. 296.)

On May 5, 2022, the Individual Defendants filed a motion to vacate judgment, (Doc. 304), which I denied on May 6, 2022, (Doc. 305). On May 10, 2022, I held a conference to discuss whether this action would proceed to trial solely on the issue of punitive damages. (Doc. 303.) The parties originally elected to go to trial. (*See* Docs. 307, 312.) On August 5, 2022, Wishart filed a motion to intervene as an interested party and to dismiss the case. (Doc. 339.) Wishart is a retired officer of Gatekeeper. (*Id.*) On August 5, 2022, the Individual Defendants filed another motion to vacate judgment, (Doc. 335), which I denied on March 24, 2023, (Doc. 380).

On July 25, 2022, the parties consented to a referral to Magistrate Judge Robert W. Lehrburger for settlement discussions, (Doc. 326), and the following day I made that referral, (Doc. 327). Judge Lehrburger conducted a settlement conference on August 25, 2022. (Docs. 331.) That day the parties notified me that they reached a settlement agreement, subject to a contingency that Defendants must make an initial payment within 45 days. (Doc. 357.) That contingency did not occur, and the parties agreed to a final cure-by date for Defendants to meet their settlement obligations. (Doc. 363.) Defendants again failed to pay their first installment payment under the terms of the settlement, which prompted Judge Lehrburger to ask the Plaintiff

whether he would like to set a trial date. (Doc. 365.) Plaintiff declined and instead requested to enforce the terms of the settlement. (Doc. 366.) On January 3, 2023, Judge Lehrburger informed Plaintiff that he could proceed with moving for enforcement of the parties' settlement agreement and an entry of judgment based on Defendants' confession of judgment. (Doc. 369.)

On January 31, 2023, Plaintiff filed a motion to alter judgment, and to enter judgment against non-party Wishart. (Doc 370.) Defendants opposed this motion on February 14, 2023. (Doc. 371.) On February 17, 2023, Wishart filed a second motion to intervene as an interested party. (Doc. 373.) On February 20, 2023, Plaintiff filed a reply in support of his motion to alter judgment. (Doc. 372.) On February 21, 2023, Plaintiff filed an opposition to Wishart's motions to intervene. (Doc. 375.) Wishart filed two additional letters on February 22, 2023, responding to Plaintiff's motion to alter judgment, (Doc. 376), and Plaintiff's opposition to Wishart's motion to intervene, (Doc. 377).

## II.  Legal Standards

### A.  *Motions to Intervene*

To establish intervention as a matter of right, under Federal Rule of Civil Procedure 24(a)(2), "a movant must: (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 128–29 (2d Cir. 2001) (internal quotation marks omitted). "Failure to meet any one of these four requirements is grounds for denial." *Mejia v. Time Warner Cable Inc.*, No. 15-CV-6445 (JPO), 2017 WL 3278926, at *17 (S.D.N.Y. Aug. 1, 2017) (internal quotation marks omitted). "A non-party moving to intervene in an action bears the burden of demonstrating that it meets the requirements for intervention." *Greater Chautauqua Fed. Credit*

*Union v. Marks*, No. 1:22-CV-2753 (MVK), 2023 WL 2744499, at *6 (S.D.N.Y. Mar. 31, 2023) (internal quotation marks omitted).

In addition, "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "Courts typically consider the same four factors whether a motion for intervention is 'of right' under Fed. R. Civ. P. 24(a), or 'permissive' under Fed. R. Civ. P. 24(b)." *Peterson v. Islamic Republic of Iran*, 290 F.R.D. 54, 57 (S.D.N.Y. 2013). "[T]he issue of prejudice and undue delay is '[t]he principal guide in deciding whether to grant permissive intervention.'" *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 315 F.R.D. 169, 172 (S.D.N.Y. 2016) (quoting *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 73 (2d Cir. 1994)) (second alteration in original).

### B. *Motion to Alter Judgment*

A district court may "alter or amend a judgment" pursuant to Federal Rule of Civil Procedure 59(e). Fed. R. Civ. P. 59(e). "[U]nder the rule 'district courts may alter or amend judgment to correct a clear error of law or prevent manifest injustice,' that the rule 'covers a broad range of motions,' and that 'the only real limitation on the type of motion permitted is that it must request a substantive alteration of the judgment, not merely the correction of a clerical error, or relief of a type wholly collateral to the judgment.'" *ING Glob. v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 96 (2d Cir. 2014) (quoting *Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 153 (2d Cir. 2008)).

**III.     Discussion**

   A. *Motions to Intervene*

Wishart moves to intervene under Rules 24(a) and (b). (*See* Docs. 339, 373.) Timeliness is a threshold requirement to granting a motion to intervene. *See NAACP v. New York*, 413 U.S. 345, 365 (1973) ("Whether intervention be claimed of right or as permissive, it is at once apparent, from the initial words of both Rule 24(a) and Rule 24(b), that the application must be 'timely.' If it is untimely, intervention must be denied."); *Griffin v. Sheeran,* No. 17-cv-05221 (RJS), 2018 WL 11222864, at *2 (S.D.N.Y. June 11, 2018) (denying motion to intervene because it was "clearly untimely"). When determining if a motion is timely, courts consider "(a) the length of time the applicant knew or should have known of its interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to the applicant if the motion is denied; and (d) the presence of unusual circumstances militating for or against a finding of timeliness." *Floyd v. City of N.Y.*, 770 F.3d 1051, 1058 (2d Cir. 2014).

Wishart filed his first motion to intervene on August 5, 2022, eight years after the Complaint was filed and Wishart, as the then-president of Gatekeeper, became aware of the case. (*See* Docs. 1, 22.) Such a delay is clearly untimely considering that Wishart was actively involved in the litigation on behalf of Gatekeeper. *See, e.g., MasterCard Int'l., Inc. v. Visa Int'l Serv. Ass'n*, 471 F.3d 377, 381, 390–91 (2d Cir. 2006) (affirming denial of motion to intervene because it was untimely filed five months after the intervenor knew of its interest in the litigation); *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 182 (2d Cir. 2001) (denying motion to intervene made one year after intervenor should have known of the threat to its interests); *Catanzano by Catanzano v. Wing*, 103 F.3d 223, 233–34 (2d Cir. 1996) (denying intervention motion filed 18 months after applicant knew of interest in litigation). Accordingly,

Wishart's motions to intervene are denied as untimely.

### B. *Modification of Judgment*

Judge Lehrburger explained to Plaintiff that he "may proceed with moving for enforcement of the parties' settlement agreement and entry of judgment based on Defendants' confession of judgment." (Doc. 369.) "A federal court has the power and authority to enter a judgment pursuant to a confession of judgment as long as subject matter jurisdiction exists and the confession of judgment was voluntarily, knowingly and intelligently made." *Xerox Corp. v. W. Coast Litho, Inc.*, 251 F. Supp. 3d 534, 538 (W.D.N.Y. 2017) (cleaned up). Plaintiff filed a motion for amended judgment based on the terms discussed in the parties' August 25, 2022 settlement conference. (Doc. 370.) In this motion, Plaintiff requests that I modify the judgment previously entered pursuant to my Summary Judgement Order to include an additional (a) approximately $7,000 in interest, and (b) approximately $500,000 in settlement funds, for a total judgment of $601,329.54. (*Id.* at 9.) Plaintiff further requests that I enter judgment against Wishart pursuant to Fed. R. Civ. P. 69(a). (*Id.* at 4.)

Plaintiff's request to modify the judgment is denied. Plaintiff is not entitled to both the settlement amount and the compensatory damages detailed in my Summary Judgment Order. In my Summary Judgment Order, I explained that following its entry, I would hold a conference to discuss "whether this action will proceed to trial solely on the issue of punitive damages." (Doc. 295 at 23.) On June 10, 2022, I ordered that a jury trial as to punitive damages be scheduled for September 19, 2022. (Doc. 312.) That trial was adjourned when I received notice that the parties had reached a settlement agreement. (Doc. 357.) Per the terms of the parties' settlement agreement, this case would "not be dismissed unless and until that first payment of $50,000 is made within 45 days." (Doc. 367 at 5.) Defendants failed to timely make their first payment,

6

which gave Plaintiff the right to abandon the settlement and instead continue to trial on punitive damages. Plaintiff elected to enforce the terms of the settlement agreement. (Doc. 366.)

Pursuant to the settlement agreement, "the parties will be exchanging as part of this or are exchanging as part of this mutual release, mutual general releases by which they release all the other parties of any claims known or unknown up to the time of this agreement except for any breach of this settlement agreement." (Doc. 367 at 7.) Based upon the prior proceedings, Plaintiff is not entitled to recover compensatory damages for the underlying claims in addition to the negotiated settlement amount. By the terms of the parties' settlement agreement and subsequent amendments made through email, Plaintiff is entitled to payment of $400,000, or—if Defendants fail to make their payments— Plaintiff is entitled to an entry of judgment of any amount of the settlement value not yet paid plus 25 percent of that amount, and reasonable costs and fees of enforcement. (*See* Doc. 370-1 at 1; Doc 370-4 at 1–2.) This denial is without prejudice to Plaintiff seeking an entry of judgment pursuant to the settlement agreement based on the amount of the settlement value not yet paid, if any.

Finally, I decline to enter judgment against Wishart. Neither of the Rules Plaintiff cites (Rule 69(a) and N.Y.C.P.L.R. 5225(b)) provide a legal basis to enter judgment against Wishart. Plaintiff also cites to a Nevada statute that is inapplicable in light of Rule 69(a)(1) requiring that "proceedings supplementary to and in aid of judgment or execution" must comply with "the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). The settlement agreement was reached between McCaffrey, Seetoo, and Leotakianakos during a settlement conference before Judge Lehrburger. (*See* Doc 367.) Wishart was not in attendance, nor is he a defendant in this case. (*See id.*) Accordingly, Wishart is not bound by the settlement agreement and will not be bound by any judgment entered pursuant to it.

### IV.  **Conclusion**

For the foregoing reasons, Wishart's motion to intervene is DENIED as untimely. Plaintiff's motion to amend the judgment is DENIED, without prejudice to him filing a motion for entry of judgment pursuant to the settlement agreement.  The Clerk of Court is directed to terminate the open motions at Docs. 339, 370, and 373.

SO ORDERED.

Dated: August 15, 2023
      New York, New York

_____
Vernon S. Broderick
United States District Judge