```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
                                              :
TIMOTHY ANDREW MCCAFFREY,                     :
                                              :
                            Plaintiff,        :
                                              :          14-CV-493 (VSB)
              -against-                       :
                                              :          **OPINION & ORDER**
GATEKEEPER USA, INC. et al.,                  :
                                              :
                            Defendant.        :
                                              :
---------------------------------------------------------X
```

Appearances:

Timothy Andrew McCaffrey
New York, New York
*Pro se Plaintiff*

A. John Leontakianakos
Dix Hills, New York
*Pro se Defendant*

John Seetoo
Brooklyn, New York
*Pro se Defendant*

VERNON S. BRODERICK, United States District Judge:

### I.    Background

For the purposes of this motion, I assume familiarity with the background of this case as described in my prior summary judgment Opinion & Order, (Doc. 295, "Summary Judgment Order"), Order denying Defendants' motion to vacate judgment, (Doc. 305), and Opinion & Order denying Plaintiff's motion to alter judgement, (Doc. 383); therefore, I describe only history relevant to the instant motion.

This action began on January 27, 2014, when Plaintiff Timothy McCaffrey ("McCaffrey"

or "Plaintiff") filed a complaint alleging various forms of securities fraud and negligent misrepresentation against A. John Leontakianakos ("Leontakianakos") and John Seetoo ("Seetoo," together, "Individual Defendants"), as well as Defendants Gatekeeper USA, Inc. ("Gatekeeper"), Asgard International, Inc. ("Asgard International"), Ares Ventures Inc. ("Ares," together, "Corporate Defendants," and with Individual Defendants, "Defendants"). (Doc. 2, "Complaint".)

On March 28, 2022, I entered summary judgment against all Defendants. (Doc. 295.) Plaintiff also sought punitive damages, which I found that I could not grant or deny on a motion for summary judgment. (*See id.* at 21–22.) In my Summary Judgment Order, I also found that Defendants were jointly and severally liable for negligent misrepresentation and owed compensatory damages in the amount of $50,000 plus prejudgment interest at an annual rate of 9 percent. (*Id.*) On March 29, 2022, the Clerk of Court entered judgment consistent with my Summary Judgment Order. (Doc. 296.)

    **A.**    *Settlement Agreement and Subsequent Amendments*

On August 25, 2022, before Magistrate Judge Robert W. Lehrburger, the parties reached a settlement agreement. (*See* Doc. 357.) Pursuant to that agreement, the parties agreed that:

> 1. Defendants shall pay to Plaintiff, jointly and severally, a total of $350,000 in three installments as follows: (1) $50,000.00 within 45 days from August 25, 2022; (2) $150,000.00 within the next 75 days (i.e., 120 days from August 25, 2022); and (3) $150,000.00 within the next 75 days (i.e., 195 days from August 25, 2022).
>
> . . .
>
> 3. If Defendants fail to timely make any required payment, and if they fail to cure within seven days of written notice of cure sent by Plaintiff electronically, then Defendants each are deemed to have confessed to judgment, jointly and severally, immediately due and payable in the following amount: (1) all payments not yet made under paragraph 1 above, plus (2) 25% of all payments not yet made under paragraph 1 above, plus (3) Plaintiff's reasonable fees and costs of enforcing judgment against Defendants. Submission of this Terms Of Settlement document,

together with the official transcript of the settlement conference, shall be deemed sufficient proof of Defendants' confession of judgment and its terms.

(Doc. 370-1.)

On October 14, 2022, Plaintiff offered to extend the date for the first payment to October 19, 2022 in exchange for

> the assessment of a 10% late fee of $35,000, to be added to the total settlement amount, and to be paid in 3 equal installments of $11,667, which will coincide [] with the three scheduled payments currently outlined in the terms of August 25th. i.e the first payment of $61,667 due by noon this Wednesday, and two payments of $161,667 each due 120 days and 195 days from August 25th, 2022, respectively.

(Doc. 370-2 at 1.)  On October 18, 2022, Plaintiff offered an additional extension until October 25, 2022.  (*Id.* at 2.)  On October 20, 2022, Defendants requested that the deadline for the first payment be extended to October 31, 2022, (*id.* at 3), which Plaintiff accepted subject to Defendants' agreement that:

> 1) Defendants have agreed to the 10% late fee discussed in the initial offer of extension, and that the fee is distributed in accordance with those terms outlined also in the initial offer of extension and applied to the total amount owed (see below).
> 2) there is a one time payment of $1,500 as "earnest/good faith money" to be delivered at the time of the first tranche.
> 3) that upon default, if any, the default 25% is assessed according to the initial settlement agreement and based on the new balance outstanding, i.e. $350,000 + 10% ($35,000) + $1,500 or, if first tranche is made, whatever new remaining balance (see above).
> 4) that all other terms, dates, and timelines of the initial settlement are understood to remain unchanged.
> 5) [Defendants] agree in separate reply emails.

(*Id.* at 4.)  Specifically, on October 20, 2022, Seetoo agreed on behalf of himself and Asgard International, (*id.* at 6), and Leontakianakos agreed on behalf of Ares and Gatekeeper, (*id.* at 7).

On October 31, 2022, Plaintiff emailed Defendants stating:

> given your default on the agreement contained herein, i will extend the cure by date to Nov. 15, 2022, in exchange for a one time $5k dollar deposit of earnest money made to my account, the details of which have been previously provided. this $5k

3

earnest deposit will be due by end of day tomorrow and non-applicable to the outstanding balance. if there is no confirmation of your agreement to this offer prior to noon, tomorrow, tuesday 1st nov 2022, then plaintiff will assume default and will proceed under siad [sic] assumption.

(Doc. 370-3 at 1.) On November 1, 2022, Seetoo informed Plaintiff that they were "still working to secure the entire $5,000" and at that point had only been able to obtain "$1,500." (*Id.* at 2.) Seetoo offered to provide the $1,500 if they were unable to raise the remainder by close of business that day. (*Id.*) Later that day, Plaintiff agreed to accept the $1,500 so long as it was transferred that day and the remaining $3,500 was provided "with the first tranche, being due no later than November 15, 2022." (*Id.* at 3.) Seetoo agreed to these terms. (*Id.* at 4.)

On November 22, 2022, Plaintiff emailed Defendants stating:

in light of our recent communications - and in accordance with all other stipulations and agreements contained herein and within the Settlement Agreement upon which it is based, Plaintiff agrees to an extended cure by date to on or before December 2nd, 2022. Defendants agree, wholly and severally, to a new total amount due of $400,000 (the new settlement amount), a one time ernest [sic] payment of $2,000 non-applicable delivered today November 22, 2022, or in any event prior to banking settlement date tomorrow, and a new first payment of $80,000 due on or before the new date December 2nd, 2022. Parties agree that all other stipulations and items and due dates continue to align with the previously agreed upon Settlement agreement and Addenda, the new terms contained herein withstanding. delivery of the earnest funds addressed above will serve as agreement to the above.

(Doc. 370-4 at 1.) Later that day, Seetoo responded on behalf of himself and Leontakianakos stating "We accept your extension terms. $2000 will be sent to you via Zelle, which will make the [] agreement effective as of the time of transmission confirmation." (*Id.* at 2.)

### B. *Defendants' Default*

On December 9, 2022, Judge Lehrburger filed an order requesting that the parties file a status update by December 15, 2022. (Doc. 363.) December 15, 2022, Plaintiff submitted a letter to Judge Lehrburger stating that "As of December 12th, 2022, the fourth and final cure-by deadline, to which the parties had agreed, Defendants have failed to deliver a first tranche as

4

outlined under the settlement terms and within the adjustments made between the parties." (Doc. 364.) The following day, Judge Lehrburger entered an order directing Plaintiff to "file a letter with the Court indicating whether Plaintiff would like the Court to set a trial date." (Doc. 365.) On December 27, 2022, Plaintiff filed a letter stating he "has determined not to pursue trial in this matter, and instead to enforce the Defendants' Confession of Judgment under the terms of settlement." (Doc. 366.)

### C. *Enforcement of Settlement Agreement*

On January 3, 2023, Judge Lehrburger directed Plaintiff that he "may proceed with moving for enforcement of the parties' settlement agreement and entry of judgment based on Defendants'' confession of judgment." (Doc. 369.) On January 31, 2023, Plaintiff filed a motion to amend judgment which requested that I enter judgment in favor of Plaintiff for both the parties settlement amount and the amount of compensatory damages that were previously found on summary judgment. (Doc. 370.) Defendants filed their response to the motion on February 14, 2023. (Doc. 371.) Plaintiff filed a reply motion on February 20, 2023. (Doc. 372.) On August 15, 2023, I denied Plaintiff's motion to amend judgment, explaining that the settlement agreement was in lieu of, and not in addition to, the compensatory damages found on summary judgment. (Doc. 383.)

On September 7, 2023, Plaintiff submitted a joint letter in which Plaintiff agreed to forego filing a motion or an appeal with respect to my Opinion & Order entered at Doc. 383 in exchange for Defendants agreeing to the inclusion of an additional $35,000 to the original settlement terms. (Doc. 384-1.) The parties requested that I enter an amended judgment reflecting their settlement amount. (*Id.*)

## II.     Discussion

"A federal court has the power and authority to enter a judgment pursuant to a confession of judgment as long as subject matter jurisdiction exists and the confession of judgment was voluntarily, knowingly and intelligently made." *Xerox Corp. v. W. Coast Litho, Inc.*, 251 F. Supp. 3d 534, 538 (W.D.N.Y. 2017) (cleaned up).

I find that subject matter jurisdiction exists, and Defendants' confession of judgment was made voluntarily, knowingly, and intelligently.  During the parties' settlement conference, Defendants agreed to settlement terms that provide that "[i]f Defendants fail to timely make any required payment, and if they fail to cure within seven days of written notice of cure sent by Plaintiff electronically, then Defendants each are deemed to have confessed to judgment, jointly and severally."  (Doc. 370-1 at 1.)  Despite being given several extensions by Plaintiff, Defendants failed to timely make their required payments and therefore have triggered the confession of judgment which Plaintiff seeks to enforce.  (Doc. 366.)  Having reviewed the transcript of the parties' settlement conference with Judge Lehrburger, the terms of the settlement agreement, (Doc. 370-1), and the parties' subsequent amendments to the settlement agreement, (Docs. 370-2–370-5, 384-1), Plaintiff is entitled to:  the $400,000 amended settlement amount agreed to by the parties on November 22, 2022, (Doc. 370-4 at 1), plus the additional $35,000 agreed to in exchange for Plaintiff waiving appeal, (Doc. 384-1), plus the 25% fee provided for by the parties' settlement agreement, (Doc. 370-1).  In sum, Plaintiff is entitled to a judgment in the amount of $543,750.

## III.    Conclusion

The Clerk of the Court is respectfully directed to vacate the judgment entered at Doc. 296 and enter judgment jointly and severally against Defendants and in favor of Plaintiff in the

amount of $543,750, plus post-judgment interest pursuant to 28 U.S.C. § 1961.

SO ORDERED.

Dated: September 18, 2023
      New York, New York

                                                   Vernon S. Broderick
                                                   United States District Judge